**Moyer v. Lado**

On April 25, 1977, the above-captioned actions were consolidated pursuant to Rule 213 of the Pennsylvania Rules of Civil Procedure. On October 22, 1976, plaintiff Martin Moyer (hereinafter plaintiff) filed a complaint with the office of the administrator against defendant Good Samaritan Hospital (hereinafter defendant). On June 9, 1977, more than 200 days after the service of plaintiff's complaint on defendant, defendant filed a petition to join as an additional defendant, Dennis M. Bane, M.D. We are being asked by defendant to permit the late joinder of Doctor Dennis M. Bane as an additional defendant.

The period for joining an additional defendant as a matter of right is 60 days after service of the complaint upon the original defendant, but may be extended upon cause shown: Pa.R.C.P. 2253. However, "Ordinarily, the bar of the passage of the sixty-day period will not be waived by the court." Goodrich-Amram, Procedural Rules Service, Vol. 3, §2253-3, p. 60.

An application for an extension of time in which to join "an additional defendant must be made by petition averring the facts justifying the grant of an extension. The petition must contain: (1) some reasonable justification or excuse for the delay; (2) a statement of the facts alleged to render the proposed additional defendant alone liable, or liable with, or liable over to defendant; and (3) allegations that the late joinder will not be prejudicial to the proposed additional defendant." Goodrich-Amram, Procedural Rules Service, Vol. 3, §2253-3, p. 63.

Defendant has not met his burden in this instance. The reason or excuse for the delay given in

defendant's petition to join additional defendant is defendant's hesitancy to authorize the joinder of proposed additional defendant Dennis M. Bane, M.D. because he is a high-ranking member of its staff. Such an explanation is not a reasonable excuse to justify the inordinate delay of more than four months after the 60-day joinder period as a matter of right. Defendant sets forth no other facts to indicate why the information needed could not have been discovered during the 60-day period, or at least within a reasonable time thereafter.

Further, defendant does not allege in its petition to join additional defendant that the late joinder will not be prejudicial to the proposed additional defendant. See Goodrich-Amram, Procedural Rules Service, Vol. 3, §2253-3, p. 63. And, finally, defendant did not verify any of the statements of fact alleged in his petition to join additional defendant: Pa.R.C.P. 206; Goodrich-Amram, Procedural Rules Service, Vol. 3, §2253-2, p. 63, fn. 4.

Because defendant has not set forth in its petition any good reason for permitting an extension of time in which to join Dennis M. Bane, M.D. as an additional defendant, and has not complied with the other requirements for late joinder, we issue the following

## ORDER

And now, June 22, 1977, upon consideration of the petition of defendant Good Samaritan Hospital to join an additional defendant, it is hereby ordered and decreed that the petition of defendant Good Samaritan Hospital is denied.